In the Matter, etc., of Opening One Hundred and Sixty-seventh Street, in the Twenty-third Ward of the City of New York.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents, *v.* LYMAN TIFFANY and Another, as Trustees, etc., and Others, Appellants.

*Opening streets in New York city — assessments on property benefited.*

The provision of the statute (New York City Consolidation Act, Laws 1882, chap. 410, § 958) to the effect that where a street more than one mile in length is opened in the twenty-third and twenty-fourth wards of the city of New York, not more than one-half of the cost shall be assessed upon property benefited and that the city shall be liable for the remainder, has reference to the street as laid out, and if the street, as laid out, is less than one mile in length and is of itself a perfect street, the owners of property benefited must bear the whole burden.

This is so, even though the street was originally designed by the street department to be longer, and although other but disconnected streets or sections of the street as originally designed, bearing the same name as that of the originally designed continuous street, may have been laid out, which, if united to the street in question, would make the aggregate more than a mile in length.

APPEAL by Lyman Tiffany and another, as trustees, etc., and others, owners of the lands assessed in this proceeding, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 6th day of January, 1893, confirming the report of the commissioners of estimate and assessment in the above-entitled proceeding.

*Truman H. Baldwin,* for property owners, appellants.

*William H. Clark,* for mayor, etc., respondents.

FOLLETT, J. :

Property benefited by the opening of streets, not more than one mile in length, in the twenty-third and twenty-fourth wards, may be assessed to the extent of the benefits conferred, for the purpose of paying the cost of laying them out. But in case the streets laid out are more than a mile in length, not more than one-half of their cost can be assessed upon property benefited, and the city is liable for the remainder. (Cons. Act, chap. 410, Laws 1882, §§ 677–958.)

In 1871 the commissioners of Morrisania filed a map showing a continuous street, now known as One Hundred and Sixty-seventh street, which was more than a mile in length, and extended from Westchester avenue on the east to Jerome avenue on the west. From Westchester avenue to Prospect avenue, the distance is 2,945 feet. From Prospect avenue to Boston avenue, the distance is 1,554 feet. From Boston avenue to Clay avenue, the distance is 2,130 feet. From Clay avenue to Sheridan avenue is 2,280 feet. From Sheridan avenue to Jerome avenue is 1,520 feet.

From Westchester avenue to Prospect avenue the street has been legally laid out. From Prospect avenue to Boston avenue a street was once opened, but has been discontinued. From Boston avenue to Clay avenue a street has been laid out, and is known as a portion of One Hundred and Sixty-seventh street. From Clay avenue to Sheridan avenue there is no existing street. From Sheridan avenue to Jerome avenue a street has been laid out, and is known as part of One Hundred and Sixty-seventh street. The distance between Westchester avenue on the east and Jerome avenue on the west, by the line of the street, as shown on the old map, is about 10,429 feet. The aggregate length of the three sections of the street legally laid out is 6,595 feet, or 1,315 feet more than one mile.

February 19, 1892, commissioners were appointed to assess the damages and benefits to the property, caused by opening a street from Westchester avenue to Prospect avenue, a distance, as before stated, of 2,945 feet. The assessment was made upon the basis that the proposed street was less than one mile in length, and that all, instead of one-half of its cost, was to be borne by, and was assessed upon the property benefited. There is no evidence in the case that the city proposes to unite the three sections of streets, known as One Hundred and Sixty-seventh street, so as to make a continuous street from Westchester to Jerome avenue, nor is there any evidence that the city intends to lay or continue a street between Prospect and Boston avenues, or between Clay and Sheridan avenues, so that any two of the sections of the street known as the One Hundred and Sixty-seventh street will be united and form a street more than a mile in length.

Mr. Greiffenberg, an assistant topographical engineer of the street department, who was the only witness examined, testified: That

One Hundred and Sixty-seventh street was originally laid out from Prospect to Boston avenue, but that it had been discontinued and canceled from the map, and forms no part of One Hundred and Sixty-seventh street. It was discontinued February 14, 1889. This evidence was not disputed.

The fact that the three unconnected sections or streets are known as One Hundred and Sixty-seventh, and aggregate more than one mile in length, does not require that one-half the cost of opening the east section, or street, be assessed on the city. Each of these sections or streets was opened on different dates, and each is a perfect street of itself, commencing and terminating at avenues. Neither is a *cul de sac.* There is no physical connection between these sections or streets, nor does it appear that a union is contemplated or practical, and there is no connection between them except the name. Had one of these sections been called Gold street, another Silver street, and the part involved in these proceedings One Hundred and Sixty-seventh street, it would not, we think, have been asserted that One Hundred and Sixty-seventh street was by reason of the existence of Gold and Silver streets, more than one mile in length, even though it had been originally contemplated that they should form a continuous street, bearing the same name. The section of the statute relating to the assessment of damages has reference to the length of the street as laid out. If, as opened, it is less than one mile in length, and is of itself a perfect street, the property owners must bear the whole burden, even though it was originally designed by the street department to be much longer.

The order should be affirmed with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with costs.